UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Venice Miller,**<br>**Georgia J. Miller,**<br><br>DEBTOR(S) | CASE NO: 11-01412<br>CHAPTER: 13<br><br>**MOTION FOR APPROVAL OF**<br>**MORTGAGE MODIFICATION**<br>**NUNC PRO TUNC** |

The Debtors request approval to enter into a loan modification agreement, Nunc Pro Tunc, as to a mortgage with Carrington Mortgage Services, LLC (Lender) on Debtors' property located at 736 Betsy Drive, Columbia, South Carolina 29210. The modification negotiated between Debtors and Carrington Mortgage Services, LLC resulted in new terms as follows:

- Approximate monthly payments of $ 573.65 after modification. This amount includes escrows.
- Post Modification due date was May 1, 2015.
- Approximate new principal balance of $ 134,529.08, of which $ 29,269.75 is deferred.
- Balloon payment of approximately $ 95,771.68 becoming due and payable on 06/2037.

Debtors certify that there was no extension of additional funds beyond what was already owed; payments to the other lien holders under the plan were not affected; the proposed modification had no detrimental effect on the other creditors and was in the best interest of the debtor and the estate.

Any payment which was to be paid by the Trustee through plan payments to Lender on behalf of this debt will be terminated upon the entry of an order.

The Debtors do not seek to alter payments to any other creditor under the terms of the plan.

Debtors were unaware that court approval was necessary before entering into the loan modification agreement and would ask that this court grants retroactive approval of the agreement.

WHEREFORE, Debtors hereby request an Order which will permit them to proceed with a loan modification agreement with Carrington Mortgage Services, LLC, nunc pro tunc, as outlined above and subject to the following terms: The Debtors' confirmed plan provides for post-petition payments directly to Carrington Mortgage Services, LLC. The Debtors' confirmed plan does provide for payment of arrearages by the Trustee to Carrington Mortgage Services, LLC; the Trustee shall cease making payments to

Carrington Mortgage Services, LLC following the entry of the Order. The automatic stay is lifted so the Debtors and the Lender can proceed with the loan modification agreement.

/s/ **Venice Miller**
Debtor

/s/ **Georgia J. Miller**
Joint Debtor

/s/ Pamela Simmons-Beasley
Pamela Simmons-Beasley, Attorney for the Debtor(s)
District Court I.D. 6158
PO Box 393
Irmo, South Carolina 29063
(803)798-9890
(803)750-9696 (facsimile)

Attached documentation shows the terms as provided by the Lender.  This motion is filed using the information provided by the Lender.

Carrington Mortgage Services, LLC

**CARRINGTON**
MORTGAGE SERVICES

P.O. Box 54285 Irvine, CA 92619-4285
(800) 561-4567

CMS Loan #    2568

After Recording Return To:

_____
_____
_____
_____

This document was prepared by _____

[Space Above This Line For Recording Data]

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"):[1] GEORGIA J MILLER; VENICE MILLER
Lender ("Lender"): Carrington Mortgage Services, LLC
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 05/16/07
Loan Number: .    2568
Property Address [and Legal Description if recordation is necessary] ("Property"):
    BETSY DR, COLUMBIA    SC  29210-0000

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied

1  My Representations and Covenants. I certify, represent to Lender, covenant and agree:

A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
G. I have made or will make all payments required under a trial period plan

---
[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3157    3/09 (rev. 3/09) (page 1 of 6 pages)

True and Certified Copy



P.O Box 54285 Irvine, CA 92619-4285
(800) 561-4567

H. If I am currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in a bankruptcy proceeding, nothing in the trial period plan, any final modification agreement, or any other document executed in connection with this offer shall be construed as an attempt by Lender to impose personal liability for the loan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 04/01/14 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on 05/01/14.

    A. The new Maturity Date will be: 06/2037.
    B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $134529.08 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.
    C. $29269.75 of the New Principal Balance shall be deferred (the 'Deferred Principal Balance') and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the 'Interest Bearing Principal Balance' and this amount is $105259.33. Interest at the rate of 4.00000% will begin to accrue on the Interest Bearing Principal Balance as of 04/01/14 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 05/01/14. My payment schedule for the modified Loan is as follows

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 4.00000 | 04/01/14 | $439.92 | $133.73 adjusts annually after year 1 | 573.65 adjusts annually after year 1 | 05/01/14 | 60 |
| 6 | 4.37500 | 04/01/19 | $462.55 | Adjusts Annually | Adjusts Annually | 05/01/19 | 12 |

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3157  3/09 (rev. 3/09) (page 2 of 6 pages)

True and Certified Copy



P.O. Box 54285 Irvine, CA 92619-4285
(800) 561-4667

| 7 | 4.37500 | 04/01/20 | $462.55 | Adjusts Annually | Adjusts Annually | 05/01/20 | 12 |
| 8 | 4.37500 | 04/01/21 | $462.55 | Adjusts Annually | Adjusts Annually | 05/01/21 | 12 |
| 9-23 | 4.37500 | 04/01/22 | $462.55 | Adjusts Annually | Adjusts Annually | 05/01/22 | 182 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

I understand that my monthly payment is calculated using a five hundred sixty three (563)-month amortization period from the date my loan was originated but the actual loan term of my Note is three hundred sixty one (360) months. I understand that, if I still owe amounts under the Note on the Maturity Date, as a result of the 203-month difference between the 563-month amortization period and the 360-month term of my Note, a Balloon Payment shall become due and payable on the Maturity Date. Such Balloon Payment includes the total amount of the Deferred Principal Balance plus the then-outstanding Interest Bearing Principal Balance plus all accrued and unpaid interest.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4   Additional Agreements. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3157    3/09 (rev. 3/09) (page 3 of 6 pages)

True and Certified Copy



P.O Box 54285 Irvine, CA 92619-4285
(800) 561-4567

plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. You understand that you are not required to waive or release any claims and/or defenses in connection with this Agreement

G. You understand and agree that by accepting this Loan Modification your credit score may be adversely affected, however CMS will not make inaccurate payment delinquency reports to any credit reporting agencies provided you are making your reduced modification payments in a timely manner. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm

H. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

I. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me

J. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

K. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

L. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3157  3/09 (rev. 3/09) (page 4 of 6 pages)

True and Certified Copy



P.O. Box 54285 Irvine, CA 92619-4285
(800) 561-4567

M. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

N. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling the mortgage loan.

O. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

P. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

Q. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

_____        _____ (Seal)
Lender                                                  GEORGIA J MILLER
                                                        Date  4-10-14

By: _____              _____ (Seal)
        4/1/14                                          VENICE MILLER
                                                        Date  4-10-14

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3157    3/09 (rev 3/09) (page 5 of 6 pages)

True and Certified Copy



P.O. Box 54285  Irvine, CA 92619-4285
(800) 561-4567

CMS Loan #     68

# HOME AFFORDABLE MODIFICATION AGREEMENT
# BALLOON PAYMENT DISCLOSURE

*Notice: Read Before Signing Your Loan Documents*

Property Address     BETSY DR, COLUMBIA      SC 29210-0000

The Home Affordable Modification Agreement ("Agreement") provides for Term Extension (as defined below) and deferral of a portion of the principal balance of your Note.

The modified principal balance of your Note will be $134529 08 (the "New Principal Balance") of which $29269.75 shall be deferred (such amount, the "Deferred Principal Balance"). You will not be required to pay interest or make monthly payments on the Deferred Principal Balance. The New Principal Balance minus the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $105259.33. Interest at the rate of 4.00000% will begin to accrue on the Interest Bearing Principal Balance as of 04/01/14.

This Agreement provides for 278 monthly payments of principal and interest, with the initial monthly payment in the amount of $439.92. This monthly payment is calculated using a 563-month amortization period from the date the loan was originated (referred to herein as "Term Extension") while the modified principal balance of your Note and all accrued and unpaid interest is due in 360 months from the date the loan was originated. Assuming that all of the monthly payments have been paid exactly on the date that each payment is due, a final balloon payment of the then-outstanding Interest Bearing Principal Balance plus all accrued interest remaining unpaid plus the Deferred Principal Balance, which is a total sum of approximately $95771 68, shall become due and payable on 06/2037 (the "Maturity Date")

The amount of Deferred Principal Balance and any other amounts still owed under your Loan Documents will result in a balloon payment fully due and payable upon the earliest of: (i) the date you sell or transfer an interest in the Property, (ii) the date you pay the outstanding Interest Bearing Principal Balance plus all accrued interest remaining unpaid on such balance, or (iii) the Maturity Date

If you make a partial prepayment of principal, the Lender may apply that partial prepayment first to the Deferred Principal Balance before applying such partial prepayment to the Interest Bearing Principal Balance or any other amounts due.

**DO NOT SIGN ANY LOAN DOCUMENTS IF YOU HAVE ANY OUTSTANDING QUESTIONS ABOUT YOUR LOAN PAYMENTS OR THIS BALLOON PAYMENT DISCLOSURE**

THIS LOAN IS PAYABLE IN FULL AT MATURITY OR EARLIER IF ANY ONE OF THE EVENTS DESCRIBED ABOVE OCCURS. YOU MUST REPAY THE ENTIRE INTEREST BEARING PRINCIPAL BALANCE PLUS ALL ACCRUED AND UNPAID INTEREST THEN DUE PLUS THE DEFERRED PRINCIPAL BALANCE. UNLESS OTHERWISE EXPRESSLY DISCLOSED IN THE AGREEMENT, THE LENDER IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WHO IS WILLING TO LEND YOU THE MONEY. IF THIS LENDER, OR ANY OTHER LENDER, AGREES TO REFINANCE THIS LOAN, YOU MAY BE REQUIRED TO PAY THE THEN-PREVAILING INTEREST RATE, WHICH MAY BE HIGHER OR LOWER THAN THE INTEREST RATE SPECIFIED IN THE AGREEMENT. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN, EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER





P.O. Box 54285  Irvine, CA  92619-4285
(800) 561-4567

CMS Loan #      `568

ACKNOWLEDGEMENT (ALL BORROWERS MUST SIGN AND DATE):

I/We have read and hereby acknowledge receipt of the above notice concerning the balloon payment provisions of the Agreement.

_____ (Date) 4-10-14
GEORGIA J MILLER

_____ (Date) 4-10-14
VENICE MILLER

True and Certified Copy

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

**Venice Miller,**
**Georgia J. Miller,**

Debtor(s).

CASE NO: 11-01412

CHAPTER: 13

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that with the exception of the Trustee who was served via CM/ECF, all creditors and parties in interest entitled to such notice were served on June 8, 2015 via first class mail with sufficient postage attached, the foregoing Motion for Approval of Mortgage Modification Nunc Pro Tunc. The parties served are individually listed on the accompanying list or mailing matrix.

Date of Service: **June 8, 2015**

BY: **/s/ Pamela Simmons-Beasley**
District Court I.D. 6158
Attorney for the Debtors
PO BOX 393
IRMO, SOUTH CAROLINA 29063
Telephone: 803-798-9890
Fax: 803-750-9696

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 11-01412-jw<br>District of South Carolina<br>Columbia<br>Mon Jun  8 14:43:28 EDT 2015 | CitiMortgage, Inc.<br>P.O. Box 688971<br>Des Moines, IA<br>50368-8971 | Absolute Collect Service<br>ATTN: Officer/Manager/Agent<br>421 Fayetteville St Mall<br>Raleigh, NC 27601-1777 |
| Account Receivable Collection<br>ATTN: Officer/Manager/Agent<br>3300 Sunset Blvd Ste 101<br>West Columbia, SC 29169-3458 | Allergy & Asthma Care, LLC<br>7045 A St. Andrews Road<br>Columbia, SC  29212 | Allergy & Asthma Care, LLC<br>ATTN: Officer/Manager/Agent<br>7045 A St. Andrews Road<br>Columbia, SC  29212 |
| CITI Mortgage Inc<br>PO Box 6030<br>Sioux Falls, SD 57117-6030 | John R. Callison<br>Buckley Madole, P.C.<br>9441 LBJ Freeway, Suite 250<br>Dallas, TX 75243-4640 | Carrington Mortgage Services, LLC<br>1610 East St. Andrew Place<br>Suite B-150<br>Santa Ana, CA 92705-4931 |
| Carrington Mortgage Svc LLC<br>1610 East Saint Andrew Pl #B150<br>Santa Ana CA 92705-4931 | Central Credit  Services<br>ATTN: Officer/Manager/Agent<br>9550 Regency Square Blvd. Ste. 602<br>Jacksonville, FL 32225-8170 | Christiana Trust Trustee (See B10)<br>c/o Rushmore Loan Management Services LL<br>P.O. Box 55004<br>Irvine, California 92619-5004 |
| Citimortgage Inc<br>PO Box 660065<br>Dallas TX 75266-0065 | Credit Collection Services<br>ATTN: Officer/Manger/Agent<br>PO Box 773<br>Needham Heights, MA 02494-0918 | Credit Collection Services<br>ATTN: Officer/Manger/Agent<br>Two Wells Avenue<br>Newton, MA 02459-3246 |
| ECMC<br>P. O. Box 16408<br>St. Paul MN 55116-0408 | Ecmc<br>P.O. Box 75906<br>St. Paul, MN 55175-0906 | Educational Credit Management Corp.<br>P.O. Box 8809<br>Richmond, VA 23225-0509 |
| Greater Columbia OB-GYN<br>ATTN: Officer/Manager/Agent<br>1301 Taylor Street Ste 3L<br>Columbia, SC 29201-2948 | HSBC Bank<br>ATTN: Officer/Manager/Bankruptcy Dept<br>PO Box 5253<br>Carol Stream, IL 60197-5253 | HSBC Bank Nevada, N.A.<br>by PRA Receivables Management, LLC<br>PO Box 12907<br>Norfolk VA 23541-0907 |
| I C System Inc<br>ATTN: Officer/Manager/Agent<br>PO Box 64378<br>Saint Paul, MN 55164-0378 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Law Offices Of Pamela Simmons-Beasley<br>PO Box 393<br>Irmo, SC 29063-0393 | Georgia J. Miller<br>736 Betsy Drive<br>Columbia, SC 29210-7863 | Venice Miller<br>736 Betsy Drive<br>Columbia, SC 29210-7863 |
| (p)MARLIN MEDCLR INOVISION<br>507 PRUDENTIAL ROAD<br>HORSHAM PA 19044-2308 | NCO Fin/51<br>ATTN: Officer/Manager/Bankruptcy Dept<br>PO Box 15270<br>Wilmington, DE 19850-5270 | PRA Receivables Management, LLC<br>POB 41067<br>Norfolk, VA 23541-1067 |

```
T. Lowndes Pope                          RUSHMORE LOAN MANAGEMENT SERVICES LLC   Receivable Solutions
RILEY POPE AND LANEY LLC                 PO Box 55004                            ATTN: Officer/Manager/Agent
PO BOX 11412                             Irvine, CA 92619-5004                   4700 Forest Drive
Columbia, SC 29211-1412                                                          Columbia, SC 29206-3119


Riley Pope & Laney, LLC                  Rushmore Loan Management Services       SC Departemnt Of Revenue
ATTN: Officer/Manager/Agent              P.O. Box 55004                          PO Box 12265
PO Box 11412                             Irvine, California 92619-5004           Columbia, SC 29211-2265
Columbia, SC 29211-1412


Sallie Mae                               Sallie Mae Inc. on behalf of GLHEC      Santander Consumer USA
ATTN: Officer/Manager/Bankruptcy Dept    2401 International Lane                 ATTN: Officer/Manager/Agent
PO Box 9500                              Madison, WI 53704-3121                  8585 N Stemmons Fwy Ste
Wilkes Barre, PA 18773-9500                                                      Dallas, TX 75247-3822


Santander Consumer USA                   Pamela Simmons-Beasley                  William K. Stephenson Jr.
ATTN: Officer/Manager/Bankruptcy Dept    PO Box 393                              PO Box 8477
PO Box 961245                            Irmo, SC 29063-0393                     Columbia, SC 29202-8477
Fort Worth, TX 76161-0244


US Trustee's Office                      U S Auto Credit                         US Department of Education
Strom Thurmond Federal Building          ATTN: Officer/Manager/Agent             Direct Loan SVC
1835 Assembly Street                     652 D Bush River Road                   PO Box 5609
Suite 953                                Columbia, SC  29210-7521                Greenville, TX  75403-5609
Columbia, SC 29201-2448


US Dept Of Education
ATTN: Officer/Manager/Borrowers Service
PO Box 5609
Greenville, TX 75403-5609
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
NCO Fin/51                               (d)NCO Fin/51
ATTN: Officer/Manager/Agent              ATTN: Officer/Manager/Agent
P O Box 13574                            PO Box 13574
Philadelphia, PA  19101                  Philadelphia, PA  19101
```

                The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)NCO Fin/51                            (d)Pra Receivables Management, Llc      End of Label Matrix
ATTN: Officer/Manager/Bankruptcy Dept    POB 41067                               Mailable recipients    45
Po Box 15270                             Norfolk, VA 23541-1067                  Bypassed recipients     2
Wilmington, DE 19850-5270                                                        Total                  47
```